

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sooroejanee Bhardwhaj,

        Plaintiff,

–v–

Alan's Farmland Ltd., *et al.*,

        Defendants.

16-CV-7880 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    On October 7, 2016, the Plaintiff, Sooroejanee Bhardwhaj, filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); the New York Labor Law ("NYLL"), Art. 19 §§ 160, 170, 190, 195, 651, 652(1); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; and N.Y.C. Administrative Code tit. 8 § 8-107. *See* Dkt. No. 1. On November 27, 2017, a mediator with the Court-annexed Mediation Program reported to the Court that the parties had reached a settlement. *See* Dkt. No. 21.

    On January 10, 2018, the parties submitted a copy of the settlement agreement for the Court's approval, *see* Dkt. No. 25-1 (hereafter "Settlement"), along with a joint letter explaining their views on the fairness of the settlement, *see* Dkt. No. 25 (hereafter "Joint Letter"). The settlement agreement provides for a settlement in the amount of $75,000, with $30,324.50 being retained by counsel for attorney's fees. Settlement at 3-4; Joint Letter at 1. Of the $44,675.50 that the Plaintiff will be paid, the parties agree that $4,000 will be treated as back wages and $40,675.50 will be treated as "non-wage damages, liquidated damages, penalties, and pre-judgment interest in connection with Plaintiff's wage and discrimination claims." Settlement at

1

4. For the following reasons, the Court approves the settlement amount as fair and reasonable but requires further information before it can approve the request for attorney's fees.

**I.   Legal Standard**

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). When determining whether a proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including but not limited to:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002(KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate "the bona fides of the dispute." *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At minimum, this includes information on "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the

2

employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). The parties must articulate their remaining points of disagreement to the Court. *Mamani*, 2014 WL 2971050, at *1. If they disagree over the calculation of wages owed, they "must provide each party's estimate of the number of hours worked and the applicable wage." *Id.* (internal quotation mark omitted). The Court will also review a proposed award of attorneys' fees to ensure that they are reasonable. *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014) (adopting report and recommendation).

## II.  Discussion

### A.  The Submitted Settlement Is Fair and Reasonable

The Court concludes that the settlement is fair and reasonable, as both a substantive and procedural matter. First, the amount of the settlement attributable to her overtime wage claims is reasonable. The parties calculate that if a factfinder were to credit Ms. Bhardwhaj's testimony at trial, she would be entitled to $3,601.90 in unpaid overtime. Joint Letter at 2. As a result, it is fair and reasonable for her to receive $4,000 of the settlement payment as apportioned to her wage claims.

Moreover, the settlement will allow the parties to avoid significant litigation risks. First, the parties disputed whether the Plaintiff was precluded from recovering for the period prior to 2013 because the Department of Labor investigated the Defendants in 2012-2013 and concluded that the Plaintiff was paid above minimum wage and entitled to 3.5 hours of overtime per week, which was allegedly paid. Joint Letter at 2. The parties also dispute the actual wages the

Defendants paid the Plaintiff, as well as how many hours the plaintiff worked per day and how many days she worked per week. Joint Letter at 2. For some of these disputes, neither party kept contemporaneous records. Joint Letter at 2. For other disputes, the Defendants have contemporaneous records, but the Plaintiff challenges the accuracy and authenticity of the documents. Joint Letter at 2.

Procedurally, the parties negotiated at arm's length, including participation in the Court-annexed Mediation Program, which ultimately led to settlement. *See* Final Report of Mediator, Dkt. No. 21. The Court thus approves the settlement amount.

### B. There Is Insufficient Information to Assess the Request for Attorney's Fees

The Court cannot approve counsel's request for attorneys' fees and costs without further information. The Court agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667(PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015). Here, the requested attorney's fees, $30,324.50, represents 40% of the net settlement. "Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Zhang*, 2015 WL 5122530, at *4 (collecting cases). The parties have provided no reason that this case is such an extraordinary circumstance that attorney's fees amounting to 40% of the settlement would be justified.

Moreover, courts in this Circuit use the lodestar as a "cross check" to determine the reasonableness of attorney's fees. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005). However, here Plaintiff's counsel has not provided any records of the hours spent working on the case or the rates at which they bill. As a result, the Court has insufficient

information with which to assess the reasonableness of the request for attorney's fees representing 40% of the total settlement amount.

## III. Conclusion

In sum, the Court approves the submitted settlement but cannot approve the request for attorney's fees at this time. Plaintiff's counsel is ordered to file a letter with this Court within two weeks of the issuance of this order that 1) justifies an award of attorney's fees amounting to 40% of the net settlement in this case, with reference to case law and/or the extraordinary circumstances present in this case, and 2) provides records of the attorney hours spent working on the instant case and the billing rate of each attorney so that the Court may determine the lodestar amount as a cross-check on the reasonableness of the award requested.

SO ORDERED.

Dated: April 5, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge